**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE ANTONIO SOSA SERRANO,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-2372** |
| **v.** | : | **(JUDGE MANNION)** |
| **CRAIG A. LOWE, *et al.*,** | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Pending before the Court is Jose Antonio Sosa Serrano's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED**.

## I. BACKGROUND

Petitioner is a citizen and national of El Salvador. (Doc. 6-2 at 4). He entered the United States on or about September 16, 2017, near Eagle Pass, Texas without being inspected or paroled into the United States. *Id.* The United States Border Control issued Petitioner a Notice to Appear ("NTA") before an immigration judge ("IJ"). *Id.*; (Doc. 6-3). On November 3, 2023, an IJ administratively closed Petitioner's case. (Doc. 6-2 at 4).

On September 20, 2017, the United States District Court, Western District of Texas, Del Rio Division, convicted Petitioner of illegal entry in

violation of 8 U.S.C. §1325. *Id.* He was sentenced to ten days of imprisonment. *Id.* On August 12, 2020, Petitioner was convicted in the Northampton County Court of Common Pleas of driving under the influence and driving without a license, pursuant to 75 Pa.C.S. §3802(B) and §1501(A). *Id.* Petitioner was sentenced to six months of incarceration. *Id.*

ICE detained Petitioner on July 21, 2026, in Easton, Pennsylvania. *Id.* Agents brought Petitioner to the Pike County Correctional Institution; he has remained detained there since. *Id.* On August 18, 2026, Petitioner filed the instant petition. (Doc. 1). On September 8, 2026, Respondents filed a response to the petition. (Doc. 6). On September 11, 2026, Petitioner filed a traverse. (Doc. 7). Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus when a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may

be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the Court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien

from the United States . . . shall be available only on judicial review of a final order [of removal].” 8 U.S.C. §1252(b)(9). Here, the Court’s jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec’y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) “does not reach claims that are independent of, or wholly collateral to, the removal process[.]”).

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court’s jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O’Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) (“section 1252(a)(2)(B)(ii) is inapposite because the Respondents’ ‘statutory detention power is “not a matter of discretion” to which §1252(a)(2)(B)(ii) applies[.]’”) (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing “have almost universally held that they have jurisdiction,” and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, because Petitioner is detained under 8 U.S.C. §1226(a), *entitling* him to a bond hearing, which he has not received. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Thus, in exercising its discretion, this Court will analyze the merits of Petitioner's wrongful detention claim.

**c. 8 U.S.C. §1226(a) applies to Petitioner**

Petitioner has been detained by immigration authorities without a bond determination. Petitioner argues that because he was detained within the interior of the United States, he is not properly subject to mandatory pre-removal-order detention under §1225(b)(2). Rather, he contends that he may only be properly detained under §1226(a), which requires that he be given an opportunity for an individualized bond hearing. In addition to this statutory argument, Petitioner argues that his pre-removal detention without an opportunity to be considered for release on bond violates his Fifth Amendment due process rights. (Doc. 1).

In response, Respondents acknowledge that the recent "Third Circuit[] decision in *Buele Morocho* . . . controls the facts of this case[,]" (Doc. 6 at 2), but argues that, rather than an order directing Petitioner's outright release, the most appropriate remedy for Petitioner's admittedly unlawful and unconstitutional detention is for the Court to remand this case for a bond hearing before an IJ, at which it argues that Petitioner should bear the burden of proving that he is not a danger to the community or a risk of flight. (Doc. 6 at 4-5).

In its recent precedential decision, the United States Court of Appeals for the Third Circuit held that "[b]ecause §1225(b)(2)(A) does not apply to Petitioners as they were not detained at the border, their detentions were unlawful under that provision of the INA." *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223, at *8 (3d Cir. Aug. 28, 2026). "To fall within §1225(b)(2)(A)'s ambit, an 'applicant for admission' must engage in present or ongoing action to gain 'admission,' that is, 'lawful entry . . . into the United States after inspection and authorization by an immigration officer[.]'" *Id.* at *3.

As in *Buele Morocho*, Petitioner is no longer seeking admission into the United States. At the time of his arrest and detention, he was not actively attempting to come into the United States at a border or port of entry. Rather,

he was already here, having resided within the United States since 2017. "Because §1225(b)(2)(A) does not apply to [Petitioner] as [he] [was] not detained at the border, [his] detention[ ] [was] unlawful under that provision of the INA." *Siglam v. Craig Lowe, et al.*, No. 3:26-CV-2424, 2026 WL 2656292, at *4 (M.D.Pa. Sept. 9, 2026) (quoting *id.* at *7).

**d. Petitioner's detention under 8 U.S.C. §1226(a) without a bond hearing violates due process and warrants release**

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law." U.S. CONST. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

§1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien;" and (2) "may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). When an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v.*

*Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

The *Buele Morocho* Court held that a petitioner's detention without a bond hearing violated the Due Process Clause. *Buele Morocho*, 2026 WL 2546223, at *8. As in *Buele Morocho,* we assess Petitioner's due process claim by considering the *Mathews* factors:

> (1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Siglam*, 2026 WL 2656292, at *5 (quoting *id.* at *9 (internal citations omitted)).

First, the "most elemental of liberty interest[s]—the interest in being free from physical detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "[A]s in *Buele Morocho*, we conclude that 'mandatory detention implicates [Petitioner's] constitutionally protected interest in

avoiding physical restraint.'" *Siglam*, 2026 WL 2656292, at *5 (quoting *Buele Morocho,* 2026 WL 2546223, at *9 (internal citations omitted)). Second, "'the absence of an opportunity for a neutral decisionmaker to assess whether [Petitioner] [is] dangerous or [a] flight risk[ ] presents a high risk of erroneously depriving [Petitioner] of [his] liberty interest.'" *Id.* Third:

> [T]he Government's legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [Petitioner] [was] detained absent evidence that [he] is dangerous or a flight risk, and the Government has not argued that [a] bond hearing[ ] [is] unduly burdensome.

*Buele Morocho*, 2026 WL 2546223, at *10. (internal citations omitted). While the Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community," there is no such need here. *Quispe v. Rose*, 2025 WL 3537279, at *7 (M.D.Pa. Dec. 10, 2025) (citing *Zadvydas*, 533 U.S. at 690). Petitioner's criminal record is limited to non-violent offenses, and the Government has provided no evidence to support that he is otherwise a danger to the community.

Thus, we conclude that the *Mathews* factors weigh in Petitioner's favor, and his detention without a bond hearing violated his due process rights. *See id.*

**e. EAJA costs and fees**

Petitioner will be permitted to file a motion for costs and fees pursuant to the Equal Access to Justice Act ("EAJA") within thirty days of the entry of final judgment in this case. *See Michelin v. Warden Moshannon Valley Correctional Center*, 169 F.4th 418 (3d Cir. 2026) (holding that a petition for a writ of habeas corpus from immigration detention under §2241 is an EAJA "civil action," entitling petitioners to attorneys' fees and costs if the Government's position was not "substantially justified[.]").

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED**. *See Siglam*, 2026 WL 2656292, at *5 (granting immediate release); *see also Andrade v. Rose*, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026) (granting immediate release), *aff'd sub nom. Buele Morocho,* 2026 WL 2546223. Respondents will be ordered to immediately release Petitioner from custody. Respondents will also be temporarily enjoined from re-arresting Petitioner for a period of 14 days to ensure that this habeas remedy is effective.

If Respondents later detain Petitioner under 8 U.S.C. §1226, they will be required to provide him with notice and, within 10 days, a bond hearing before an IJ, who shall provide an individualized assessment as to whether he poses a flight risk or a danger to the community. If Petitioner is re-detained under §1226 and Respondents fail to schedule a timely bond hearing, he will be permitted to reopen this matter.

Finally, Respondents will be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner has been released from custody. An appropriate order shall be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 9/17/26
26-2372-01